UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMANUEL RODRICK,

                    Plaintiff,

           -against-                                     **REPORT AND RECOMMENDATION**

THE STOP & SHOP COMPANY, MARC SMITH,
RICK MEEHAN, MIKE DOONAN, MIKE FEERICK,      05 Civ. 1818 (SCR) (GAY)
JOSEPH WOODS, BILL LORE, UNITED FOOD
& COMMERCIAL WORKERS UNION LOCAL
464A, JOHN T. NICCOLLAI, FRANK
HANDLEY, JAMES BOYLE, UFCW INT'L
UNION, DOUG DORITY, JOE HANSEN,

                    Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Emanuel Rodrick, proceeding *pro se*, commenced the present action against his former employer Stop & Shop and its managers–Marc Smith, Rick Meehan, Mike Doonan, Mike Feerick, Joseph Woods and Bill Lore–("the employer defendants"), his former local union and its officials–John Niccollai, Frank Handley and James Boyle–("the local union defendants") and United Food and Commercial Workers International Union and its officials–Doug Dority and Joe Hansen–("the International defendants").  Plaintiff specifically alleges that: (1) the employer defendants failed to promote him because of his race, violated the terms of the Collective Bargaining Agreement ("CBA") and "harass[ed] and defame[d]" plaintiff's character; (2) the local union defendants breached their duty of fair representation and violated the local union's bylaws; and (3) the International defendants are liable for the acts of the local

union defendants. Presently before this Court are (1) the employer defendants' and the International defendants' motions to dismiss the complaint pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure and (2) plaintiff's motion for default judgment against the employer defendants and the local union defendants. For the reasons that follow, I respectfully recommend that defendants' motions to dismiss should be granted and plaintiff's motion for default judgment should be denied.

## I.  INSUFFICIENT SERVICE OF PROCESS

Summons issued in conjunction with plaintiff's amended complaint on December 27, 2005. On March 3, 2006, plaintiff delivered copies of the amended complaint and related documents to Seyfarth Shaw LLP, counsel for the employer defendants. By letter dated March 15, 2006, counsel for the employer defendants advised plaintiff that Seyfarth Shaw LLP was not authorized to accept service for any of the named defendants and, therefore, that plaintiff's attempted service was improper. See Declaration of Paul Galligan in Opposition to Plaintiff's Default Motion, Exh. A. On March 31, 2006, plaintiff delivered copies of the amended complaint and related documents to Davis, Cowell & Bowe LLP, attorneys for the local union defendants. By letter dated April 17, 2006, counsel for the local union defendants advised plaintiff that Davis, Cowell & Bowe LLP was not authorized to accept service on behalf of any of the defendants and, therefore, that plaintiff's attempted service was ineffective. See Declaration of Mark Hanna in Opposition to Plaintiff's Motion for Default Judgment. Presently, the employer defendants and the local union defendants oppose plaintiff's motion for default on the ground that service was improper; the employer defendants

also assert ineffective service, *inter alia*, in support of their motion to dismiss.[1]

Plaintiff's delivery of the amended complaint and related documents to counsel for the employer defendants and the local union defendants was insufficient to properly effect service. It is well-settled that "service of process on an attorney not authorized to accept service for his client in ineffective." See Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094 (2d Cir. 1990). Plaintiff has made no showing that either the employer defendants or the local union defendants authorized their respective counsel to accept service on their behalf. Accordingly, I conclude, and respectfully recommend, that plaintiff's claims against the employer defendants and the local union defendants must be dismissed.

## II. INTERNATIONAL DEFENDANTS

Plaintiff sets forth no specific factual allegations against the International defendants but generally asserts that they are liable for the acts of the local union defendants. In the first instance, given the Court's conclusion that all claims against the local union defendants must be dismissed, there is no basis for vicarious liability as to the International defendants. In any event, "[a]n international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts." See Phelan v. Local 305, United Ass'n of Journeymen, 973 F.2d 1050, 1061 (2d Cir. 1992). Instead, "[c]ommon law agency principles govern an international union's liability for actions of its local chapters or their officers." See Rodonich v. House Wreckers Union, Local 95, 817 F.2d 967, 972-73 (2d

---

[1] Counsel for the employer defendants and the local union defendants entered special appearances in conjunction with the instant motions.

Cir. 1987). Here, plaintiff does not allege that the local union was acting as an agent of the International defendants, or that the International defendants controlled, authorized or otherwise ratified the acts of the local union defendants. Accordingly, I conclude, and respectfully recommend, that the International defendants' motion to dismiss should be granted.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against the employer defendants and the local union defendants on the ground that they have failed to answer the amended complaint. However, as discussed above, plaintiff failed to effect proper service upon the employer defendants and the local union defendants. Accordingly, plaintiff's motion for default judgment must be denied.

### IV. CONCLUSION

For all of the foregoing reasons, I respectfully recommend: (1) the employer defendants' motion to dismiss should be granted; (2) the international defendants' motion to dismiss should be granted; (3) plaintiff's motion for default judgment should be denied; and (4) **plaintiff's amended complaint should be dismissed.**

### IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such

this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: March 6, 2007
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.